Good morning. May it please the court, I'm Scott Bratton on behalf of the plaintiff Tony Hsiao in this case. May I reserve two minutes for rebuttal? The plaintiff in this case contends that his adjustment of status was improperly denied by United States Citizenship and Immigration Services because Mr. Hsiao was grandfathered under Immigration and Nationality Act Section 245I. The district court erroneously concluded that USCIS utilized a correct legal standard in finding that Mr. Hsiao was not grandfathered because the two prior I-140 petitions that he attempted to use for grandfathering were denied on the merits. Mr. Hsiao contends that USCIS improperly relied solely on the denial of his two I-140 petitions on the merits without considering additional evidence in the record at the time of his current adjustment of status application showing that he qualified for the benefit at the time he filed the prior I-140 petitions. Why do you get a do-over? I mean, why isn't the agency allowed to say, look, you had a chance before, didn't succeed. You haven't shown that the denial was based on some not relevant proceeding. I mean, the district court's order quoted from something, I've forgotten what it was, but said this isn't really intended to do a do-over. Why should we treat it that way? Well, I have a couple responses to that. The first is the language of the regulation itself. The regulation states that you are to look at the circumstances that existed at the time of filing, and in order to be grandfathered, a petition has to be meritorious in fact. It doesn't have to be approved. It doesn't have to show legal success. As the Fourth Circuit stated in Ogundipe, it has to be something that merited legal victory or had legal worth rather than actually had legal success. But by the concept, you know, collateral estoppel, res judicata, claim preclusion and so forth, courts usually don't go back to revisit the question again just because somebody would like to have somebody different look at it. I'm not sure why the agency should be expected to do that. If there's a compelling argument that says, look, this was just wrong, maybe, but why revisit the same question over and over and over again? Well, this approach has been endorsed by the Board of Immigration Appeals in the case of Yara Riera, which we've cited in our briefs. So the board interpreting this particular regulation found that it was proper for an immigration judge to take testimony in that case. Well, I'm not saying they can't. My question is what compels them to do so because your argument depends upon that being a requirement. Correct, and in that case, that was found, and also in the Ogundipe case, the same thing. In the Ogundipe case, they looked and read the regulation that was at issue and looked at the term meritorious, in fact, which is not defined anywhere and states by using that rather than an approved petition or something similar that they were to look at the evidence in the record at the time they were making the grandfathering decision. We're not going back to try to seek approval of the prior petition. What we're seeking to do is show that it was grandfathered for purposes of 245-I. I think you just said that you want them to look at the information in the record at the time of the decision. Say again what record you think they should be looking at. At the time that you're adjudicating the current adjustment of status application. So including the additional information added after the initial decision. Correct, which is what they did in Riera, which they endorsed, and the board endorsed that procedure in Riera. The board also examined that in matter of but and cited favorably the Ogundipe standard from the Fourth Circuit, which specifically said you can look at all the information that's in the record at the time you're making the grandfathering decision to see if the person qualified for the benefit at the time. Now, you're looking at. So the First Circuit disagrees in Echevarria, right? Can you reconcile Echevarria with the cases you're trying to rely on, or do you think there's just a split of authority here? Well, Echevarria never cites to the board's decision in Riera, which the board is obviously in the best position to interpret the regulations of the agency. So I would submit that's one distinguishing characteristic in looking. The board isn't. So we have USCIS as the agency we're reviewing, right? Correct, and board decisions are binding on USCIS. And vice versa? Is that true, or is it only in one direction? Well, USCIS decisions can be challenged through the Board of Immigration Appeals. Their memoranda are not binding on the Board of Immigration Appeals, but you can challenge a USCIS decision, say, up to the Board of Immigration Appeals for an I-130 petition or through the AAO through other means, and those cases would be binding as well. But we would submit, then, in looking at the board's position that they endorsed in the Riera case, that they specifically stated that additional evidence can be considered in these cases, and Ogundipe said that it has to be considered. In Ogundipe, they held it in determining whether a prior visa petition was meritorious. In fact, it must be based on the totality of the circumstances that existed at the time of the prior filing and not merely evidence that's possessed or submitted in the adjudication process itself. I'm sorry, can I back you up to these agencies? You may just need to help me because I may be wrong about the relationship between these agencies, but I thought that USCIS was part of DHS and that the BIA is part of DOJ. Am I wrong about that? Correct, and USCIS takes a position, I think it's in Regulation 103.3, that they follow the decisions of the Board of Immigration Appeals. That they always do? Sorry, can you just give me that? I believe so. I believe that that's the regulation, it's 103.3, that those particular decisions are binding when they address the same exact precise issue. And so I would submit, in looking at footnote one of Riera, which I think is important because the district court judge in this case essentially found that if there's some changed circumstances subsequent to the filing of the petition that you're trying to grandfather, then that's one thing, but here you're relying on evidence from outside the record. But in footnote one in Riera, they state that Riera did not meet the changed circumstances portion of the regulation, however found that the individual could still show that he was grandfathered based on the submission of additional evidence. I think the regulation with respect to grandfathering clearly shows that they contemplate going back and looking at this petition. But the regulation talks about a different situation where there was a withdrawal or something else. I mean, here there was actually an adjudication at the time, and I don't read the regulation as speaking to that directly, do you? It does not, but what we're arguing is that's not the only circumstance where a denied petition can be used, and that's what Riera talks about in footnote one, because Riera did not meet the changed circumstances. There were no changed circumstances. In Riera, the petition was denied on the merits. The merits was found not to have been bona fide, and it was denied on the merits. In Ogundipe, the petitioner submitted evidence in response to a request for evidence, much like in this case. However, that evidence was found not to be sufficient in order to meet the standard for approval of the I-360 petition, and the Fourth Circuit in that case said you can go back and look at evidence that's submitted subsequently that was not in the record to make a determination as to whether that particular visa petition was a provable one filed. Now, I understand that the district court's concerned with respect to relitigating old visa petitions, but when you're looking at the grandfathering standard, that's going to happen in many cases. I've had this happen in many cases that I've dealt with in immigration court, and I would submit that it's going to happen. Even if you're dealing with a petition that was withdrawn, was that petition meritorious at the time? You're going to have to go back and look at that. But you could – I mean, there, there wasn't a decision, so we don't have this tension with the idea of just doing things over and over again. Here, where there was a determination, we get into the problem of how many times should you get to try? I mean, could this go on forever, that you keep bringing more evidence and try ten times to get reconsideration? Well, it's the same as in Riero and Ogundipe. In Riero, they didn't meet their burden of establishing that the marriage was a bona fide marriage, and Ogundipe didn't meet the standard for an I-360 approval. And in both cases, they said you can go back and the court should look at or the adjudicating branch should look at whether the circumstances that existed at the time of filing warranted approval of that petition, and that can include evidence that was in the record at the time or evidence that subsequently submitted into the record. And if we just think those decisions don't make sense, are we bound by them? No, you're not bound by those decisions. But I think when the board speaks on a regulation, especially the regulation at issue here, with respect to the grandfathering, I think that it's entitled to deference because they've looked at this specific regulation that we're talking about and found that the appropriate procedure is to allow the admission of additional evidence, which they did in that case. So this may get back to the regulation you pointed me to earlier, but why should we take the board's interpretation there instead of the agency's interpretation here today? Well, the agency's interpretation here is merely USCIS. This decision wasn't appealed to the AO or the Board of Immigration Appeals. We're merely dealing with a USCIS decision that was completed in the course of adjudication of this case, and they just merely said the denial on the merits is alone insufficient to meet the grandfathering. They didn't look at anything else in that particular case. If there's no further questions. We used up your time, so we'll still give you a minute for rebuttal. Thank you. May it please the Court. Good morning, Your Honors. Glenn Gerdhary, Department of Justice for the United States, Appellees. Your Honors, this Court should affirm the District Court's decision granting summary judgment in favor of the government because USCIS committed no legal error in this case. They committed no legal error because Mr. Zhao did not qualify for the relief he sought under 8 U.S.C. 1255I because his petitions did not qualify for the grandfathering relief that that provision provides. So could you help me with this issue of the relationship between the agencies and whether the agency actually should have followed Riero? Well, you're correct with the designation of certain agencies.  USCIS is a subcomponent of the Department of Homeland Security, separate agency. Published decisions by the BIA are binding on Homeland Security, on USCIS. But so Riero was published, wasn't it? It was, Your Honor. So why is Riero not binding then? Well, Riero is distinguishable, and I think one of the things that counsel indicated that I want to clarify here is the scope of evidence of what we're talking about in this case because we're talking about a situation where Mr. Zhao submitted two petitions, one in 1998, one in 2000. When he did that, the agency did request additional evidence in both of those instances, so he did have an opportunity to provide additional evidence to try and satisfy the regulatory and statutory requirements for the eligibility sought in both of those instances. He did submit that. The agency considered that additional evidence, and the petitions were denied on the merits after that time. The additional evidence that can be provided under the grandfathering provision, it is evidence. Riero was a situation where they took, again, it's removal proceedings, so it's not the administrative paper submission process to USCIS. So testimony is taken during removal proceedings. But that testimony went to the bona fides of the marriage at that time. So the marriage that took place, forgive me, I'm not sure when Riero was, but before several years prior to what was happening when they requested a relief under grandfathering. What petitioner is indicating here in this case, Mr. Zhao is seeking to submit evidence that goes after 1998 or 2000, after his petitions were denied on the merits. So Mr. Zhao was eventually approved in the EB2 classification in 2012, I believe, in a different scientific field, mind you, solar technology, whereas in 1998 he sought classification in electrical and computational engineering. And at that time when he sought approval, he was three years out of school after his master's degree. So his credentials or his resume or his achievements were only three years out of school versus the approval which occurred in 2012. He had 15 years of time to make those accomplishments. But anything that happened after 1998 or 2000, in which his two petitions were previously denied, that evidence that got him classification in 2012 cannot be used to make a demonstration of eligibility for approval. So I may have misunderstood, but I thought that part of what he was trying to submit now was additional information about things that existed in 1998 and 2000, like additional information about what the awards meant and things like that. So that doesn't seem to fall under the argument you just made. That's correct, Your Honor. That would apply to approvability at the time of filing. And the government's position, and we maintained this during the district court proceedings, which I believe the district court respectfully indicated that the record was unclear, but Mr. Zhao did have the opportunity to do that, and he did do that. Provide more information about 1998 and 2000. Correct, Your Honor. But the agency didn't look at that, did it? It did, Your Honor. Our position is that it did. And so after he was approved, he got his petition approved in 2012. He submitted his I-45 application in 2013, which was denied. The agency indicated that he did not qualify for grandfathering. Mr. Zhao did submit a Form I-290B, Motion to Reopen or Motion to Reconsider, which is an administrative appeal of the decision. He did submit that, and the agency did indicate that there were grounds for the case to be reopened, meaning there were new facts to be considered. However, even with consideration of those new facts, they affirmed the denial of the I-45, meaning he did not qualify for the grandfathering provision. So the agency did consider it. Can you point me to where it's clear that the agency looked at the additional information from 1998 and 2000? The appeal decision on the Motion to Reopen I have here excerpts of Record Page 57 and 58, and that indicates that there were grounds to reopen the case based on the submission. And also at the time of before the actual denial, before he submitted his Motion to Reopen, before the agency issued a denial on the I-45 application, the agency issued what was called a Notice of Intent to Deny or a NOID. And at that time, the agency requested additional information from him in 2013, indicating why you believe you qualify for 245I or 1255I eligibility. And Mr. Zhao did submit a response at that time, indicating that he believed that he had additional evidence that would qualify both in 1998, 2000, and he also submitted evidence that took him past those years into his current credentials. So is the agency's position that you're articulating now that the agency does have an obligation to look at new information that's about the time that already had existed at the time of the adjudication but does not have an obligation to look at anything later? Is that the position that you're supporting? The second half I agree with. There's no obligation or it's, I wouldn't say irrelevant, but it cannot go to your eligibility at the time of filing because it's events that occur after your request for approval. Whether or not they're compelled to do that prior to, I think it depends on the facts of the case because there are reasons under the grand filing provision that someone would seek relief where it would be a procedural denial. And that is indicated by some of the case law cited where you have a denial for a failure to respond to a request for evidence. So there is evidence that could possibly put you over the top that you never submitted. At that point, I would think the agency would consider that evidence when you have the opportunity to submit that. Or if there was an after or subsequent event that would require or that additional evidence could help you demonstrate eligibility at the time of filing or approvability when filing. You seem to be saying the agency can but is not obligated. And so it's discretionary. But is that exercise of discretion reviewable? Suppose somebody comes in and offers some pretty powerful evidence that if it had been introduced at the first denial and it's relevant to that time period, then you would anticipate a different result. Is the agency in that context expected to look at it? I mean, could we as a court or could the district court say, well, you're not obligated as a matter of course, but the exercise of discretion is reviewable and this evidence is so powerful that the agency should properly have considered it? Again, I think, Your Honor, I think it would depend on the facts because I would think it would depend on exactly what would be the reason for the initial denial. If it was again- Well, suppose it was denied on the merits, but there's this enormous piece of evidence for whatever reason that wasn't submitted. This is hypothetical, but I'm giving you a conclusion so that we don't get into the details of what the evidence might be. Just take my word for it that the evidence that was not submitted at the time, that should have been and was timely then, existed then, was so powerful that you would expect the agency to receive it. I mean, the guy won the Nobel Prize, only nobody bothered to tell the agency about that. So that's what I'm trying to get to. Is that reviewable? I'm trying to see if your position is that it's entirely discretionary and not reviewable or, well, maybe there's something that the agency's obligated to look at, but it's not inherent and it's not something the agency always has to go back and reopen. I think it's more along the lines of the second characterization that you just made, Your Honor. Something like that would clearly-an award of that size or something that significant would clearly- or would, I think, would get the attention of- So you're not saying it's unreviewable. You're saying it's within the agency's discretion and it has to be so powerful as to- as lead the court to say this is something the agency would abuse discretion in not considering. But you're also saying there's no obligation of the agency to consider just whatever is put forward. I mean, the district court here noted that the agency's main position before the district court was that it had reviewed the additional submission and decided it didn't warrant a change. But then the district court moved to what it described as the underlying position. And you're prepared to go back to the first position, if necessary, that the agency- and the letter you pointed is to suggest the agency did look at it, and you're willing to draw the line there. I think that's right, Your Honor. I think also we're walking the line in something you identified very early about the second bite at the apple, which we have to prevent against. And for those reasons- I'd like to take you over your time. I'm sorry. It took me a little while to find this page 5758 that you were referencing, and now I see that it is this letter. But what in the letter-I think you must be talking about page 58- what in the letter leads you to think that they did consider the earlier information but not the later information? I don't see any distinction based on years or a clear statement about what they considered and didn't. I don't think they made that distinction, but what they did was they indicated that there were grounds for a motion to reopen. And the grounds for a motion to reopen are there have to be new facts that were not presented at the time of your filing and after a decision is made on your application. But your position here today is those new facts have to be from the 1998 and 2000 time period in order to allow reopening. That's correct. But that's not what the letter says. It doesn't make that clarification, but it's a denial of a motion to reopen a denied I-45 application on a request for relief under the grandfathering provision. So it's kind of-it's the end of that line of-and under-and I think there is case law that says an agency's decision does not have to be artfully-as long as it indicates the reasons for denial. Well, the letter does say the motion to reopen is granted. Correct, Your Honor. And so then it looks at what was submitted and on the substance of it presumably denied. I admit it's opaque, but I had inferred what you said, so- Correct, Your Honor, because if they didn't consider it, they wouldn't have granted the motion to reopen. They would have. And what do you think the agency means by further the BIA and circuit court decisions that were referenced are not binding on the service? Without saying that the-again, it's established that a published decision by the BIA is binding on- So this was just a mistake. That part about the BIA is incorrect. But, again, it has no effect on the final outcome of the agency's decision. Thank you, counsel. Is there something further? Did you have another question? Thank you, Your Honor. Thank you. We took him over two minutes, so I said one minute before, but I think we should give you two minutes also. Thank you. Just going back to the decision on the motion to reopen, that motion that our office submitted contained correspondence and denials of prior I-140 petitions. It didn't contain the evidence that we're referring to was new evidence. Secondly, the decision- Wait. I don't understand that. Are you saying that the evidence you're talking-talk to the district court and talk to us about justifying a different decision wasn't part of what was put in front of the agency? It was put in front of the agency, but I don't believe it was a part of the motion to reopen. It was part of the prior filings with the agency. And we cited to what evidence that- Wait, wait. Which prior filing? Well, there was the 485 filing, the current 485 filing. Then there was the notice of intent to deny. So there was a response filed to the notice of intent to deny. And then when it was denied, then the motion to reopen slash reconsider was filed. And that's the document that government counsel is referring to, showing that they considered the new evidence. And, in fact, I think in reading it, they did not. It states that the service maintained since your prior I-140 petitions were denied for cause. They were not approvable when filed. There's nothing in there that states that they considered any of the evidence that we're referring to. And the evidence that we're referring to is on pages 29 and 30 of our briefs. And we outline five different documents that show that my client was qualified for the petition at the time of filing. We're not relying on documentation showing he later was qualified for the petition because we know that he was granted. We're not making that argument. We're simply making the argument that this evidence shows at the time of filing he was qualified for a national interest waiver, and therefore it was meritorious, in fact, and approvable when filed and can serve to grant. Is there any reason that information wasn't included originally? I do not know because we did not represent him at that time. He may have thought that what he submitted was sufficient to respond to the request for evidence. I'm not sure. But I think that the cases that we've cited to show that in circumstances where you're trying to prove grandfathering, that additional evidence can be submitted and must be considered by the agency or by the immigration judge in making the determination as to whether the petition was meritorious, in fact. Thank you. Thank you. Thank you both sides for the helpful arguments. The case is submitted.
judges: Clifton, Friedland, Rice